UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(St. Louis Division)

| | |
|---|---|
| AIC COMMUNICATIONS, LLC, FREEEATS.COM, INC, <br><br> and <br><br> GABRIEL JOSEPH <br><br>     Plaintiffs, <br> v. <br><br> ──────────────────────────── <br><br> CHARTIS SPECIALTY INSURANCE COMPANY <br><br> SERVE: <br><br> Director of Insurance <br> 301 W. High Street, Room 530 <br> Jefferson City, MO 65101 <br><br> and <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA <br><br> SERVE: <br><br> Director of Insurance <br> 301 W. High Street, Room 530 <br> Jefferson City, MO 65101 <br><br> Defendants. | Case No.:  4:14-cv-00550 <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT

    For their Complaint, Plaintiffs AIC Communications, LLC, FreeEats.com, Inc. and Gabriel Joseph state the following:

Preliminary Statement

    1.    This Complaint arises out of an insurance coverage dispute.

2. Plaintiffs AIC Communications LLC ("AIC"), and FreeEats.com, Inc. ("FreeEats") are data acquisition and technology vendors. Plaintiff Joseph owns AIC and FreeEats. AIC, FreeEats and Joseph are referred to collectively in this Complaint as "the Coverage Action Plaintiffs".

3. The Defendant insurance companies insured the Coverage Action Plaintiffs in 2012 and 2013. Chartis provided Directors and Officers ("D & O") insurance. Travelers provided Commercial General Liability ("CGL") insurance.

4. The Coverage Action Plaintiffs are Defendants in a class action lawsuit ("The Golan Suit") alleging violations of 47 U.S.C. § 227(b), also known as the Telephone Communication Protection Act of 1991 or "TCPA", and the Missouri Do Not Call Law, Mo. Rev. Stat § 407.1095-407.1110. The Golan Plaintiffs say they were were harmed because of two voice-mail messages left on their answering machine.

5. The Golan Suit is now pending before this Court as *Golan v. Veritas Entertainment, et al.*, case number. 4:14CV00069 ERW.

6. The Coverage Action Plaintiffs timely tendered the Golan Suit to Chartis and Travelers and asked for defense and indemnity. Both denied coverage.

7. Chartis says it owes no coverage for the Golan Suit because its policy contains a "professional services" exclusion. The Golan Suit does not allege that the Coverage Action Plaintiffs performed any sort of professional services. Nonetheless, Chartis sent a coverage denial letter on March 5, 2014.

8. Travelers also denied coverage. It says the Travelers CGL policy provides no coverage because the Golan Complaint does not allege bodily injury, property damages, or "personal and advertising injury." The alleged TCPA claims consistute, at

minimum an allegation of "invasion of privacy" which triggers the Travelers policy. Nonetheless, Travelers sent a coverage denial on March 6, 2014.

9. The Coverage Action Plaintiffs seek money damages from both defendants for breach of contract, including (but not limited to) actual and consequential damages regardless of their respective policy limits.

10. The Coverage Action Plaintiffs also seek a declaratory judgment that both Travelers and Chartis are wrong and are obligated to defend and indemnify Plaintiffs against the Golan Suit.

11. Chartis' denial has so little merit that it shows considerable bad faith, for which Plaintiffs seek additional damages.

## The Parties

12. Plaintiff AIC is a Delaware limited liability corporation with its principal place of business in Virginia.  AIC also does business under the name "ccAdvertising".

13. Plaintiff FreeEats is a Delaware corporation with its principal place of business in Virginia.   AIC is a wholly owned subsidiary of FreeEats.

14. Plaintiff Gabriel Joseph is a natural person who is a citizen and resident of Virginia.

15. Upon information and belief, Defendant Chartis is an Illinois corporation with its principal place of business at 175 Water Street, New York, NY 10038-4969. Chartis is a foreign authorized insurer in the state of Missouri and as such may be served with a copy of the Summons and Complaint through the Director of the Missouri Department of Insurance by delivery of the same by the Sheriff of Cole County, Missouri.

16. Upon information and belief, Defendant Travelers is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, CT 06183. Travelers is a foreign authorized insurer in the state of Missouri and as such may be served with a copy of the Summons and Complaint through the Director of the Missouri Department of Insurance by delivery of the same by the Sheriff of Cole County, Missouri.

### Jurisdiction and Venue

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. This Court has personal jurisdiction over Defendants because both have contracted to insure persons, property or risks in the State of Missouri, including those at issue in the Golan Suit. *See* Mo. Rev. Stat. § 506.500(5).

19. Venue is proper in the Eastern District of Missouri (St. Louis Division) pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue in this Complaint took place in this District.

### Facts Common to All Counts

A. The Golan Suit

20. On or about December 4, 2013, Ron and Dorit Golan filed a putative Class Action Complaint in the Circuit Court of St. Louis County, Missouri.

21. The Golan Suit names Plaintiffs FreeEats, AIC and Gabriel Joseph as Defendants.

22. The Golans subsequently filed an Amended Class Action Complaint which was then removed to this Court.

23. The Golan Suit seeks relief under 47 U.S.C. § 227(b), also known as the Telephone Communication Protection Act of 1991 or "TCPA", and the Missouri Do Not Call Law, Mo. Rev. Stat § 407.1095-407.1110.

24. The Golan Suit alleges wrongful conduct taking place on September 10, 2012 and September 12, 2012 in the form of two telephone messages left on the Golan Plaintiffs' answering machine. (Amended Complaint, ¶ 57). The Golan Suit also seeks class certification.

25. The Coverage Action Plaintiffs deny that the Golan Suit has any merit whatsoever. The Coverage Action Plaintiffs have defended and will continue to vigorously defend against the Golan Suit allegations.

B. The Chartis Policy

26. Defendant Chartis provided insurance to Plaintiffs through "PrivateEdge Plus" policy number 04-287-23-52 with policy effective dates of November 17, 2012 through November 17. 2013. ("The Chartis Policy").

27. The Chartis Policy contains a "continuity date" of November 17, 2000. This means that the Policy applies to alleged "wrongful acts" that may have taken place prior to the Policy period but after the continuity date.

28. The Chartis Policy includes "Directors, Officers and Private Company Liability Insurance" in a "D & O Coverage Section."

29. The D & O Coverage Section insures Plaintiffs against "Claims first made during the Policy Period or the Discovery Period [if applicable] and reported to the Insurer pursuant to the terms of [the] policy."

30. The D & O Coverage Section obligates Chartis to defend Plaintiffs against a "Claim" if the "Named Entity "at its sole option" requests that Chartis provide a defense.  Per the Policy, Chartis also agreed to "advance Defense Costs."

31. The Golan Suit is a "Claim" under the Chartis policy because, among other things, it is a "civil . . . proceeding for monetary or non-monetary relief which is commenced by [ ] service of a complaint[.]"  The Golan Suit alleges "wrongful conduct" that took place after the Continuity Date described above.

32. Each of the Coverage Action Plaintiffs is an insured under the Chartis policy.

33. Plaintiffs timely notified Chartis of the Golan Suit during the Policy Period and demanded that Chartis defend and indemnify them.

34. In spite of Plaintiffs' timely notice and demand, Chartis has failed and refused to comply with its obligations.

35. By letter dated March 5, 2014, Chartis denied coverage to Plaintiffs for the Golan claim.

36. According to Chartis, the Golan Suit allegations trigger a "professional services" exclusion.

37. The Golan Complaint does not allege that Plaintiffs provided "professional services."  Rather, the Golan Complaint says that the Golans were injured because of two messages allegedly left on their answering machine.

6

38. The Chartis D & O policy "professional services" exclusion does not define "professional services."

39. To expand the meaning of "professional services" beyond the provision of services by a licensed professional would effectively read all coverage out of the policy and render its illusory. It would mean that anything that the insured does related to their business is a "professional service" and therefore not insured. Chartis' application of the exclusion here is contrary to the plain meaning of the term "professional services." Alternatively, and at best for Chartis, "professional services" as used in the Chartis Policy is ambiguous and any ambiguity must be construed against the insurer and in favor of coverage.

40. In short, Chartis' denial lacked logic, law or facts to support it. Attempts to reason with Chartis fell on deaf ears. Chartis' conduct is textbook bad faith. No reasonable person could find on reviewing the Golan Complaint and the Chartis policy that the "professional services" exclusion applies.

### C.   The Travelers Policy

41. In addition to the Chartis D & O policy, Plaintiffs were also insured under a Travelers Commercial General Liability ("CGL") policy for the relevant period. Travelers provided CGL insurance to Plaintiffs under policy number I-680-3481P84A-ACJ-12 with policy effective dates of February 2, 2012 through February 2, 2013. ("The Travelers Policy").

42. The Travelers Policy includes coverage for, among other things, damages because of "property damage" or "bodily injury" and claims for "personal and advertising injury."

7

43. Like the Chartis Policy, The Travelers Policy obliges Traveler to defend Plaintiffs against all potentially covered claims regardless of their merit.

44. The Golan Complaint alleges that the TCPA and Missouri No Call statute were violated because Plaintiffs did not have consent to call them. Regardless of the legal or factual merits of these claims – which have been and will be hotly contested – they plainly trigger a duty to defend under the Travelers Policy.

45. The "Personal and Advertising Injury" part of the Travelers CGL policy includes coverage for, among other things: "injury, including consequential "bodily injury", arising out of one or more of the following offenses: "Oral or written publication, in any manner, of material that violates a person's right of privacy[.]"

46. The Golan Plaintiffs claim that calls were without the recipient's permission. This constitutes an allegation of "invasion of privacy" which falls squarely within the Travelers' Policy's definition of "Personal and Advertising Injury."[1]

47. Plaintiffs timely notified Travelers of the Golan Suit and demanded that Travelers defend and indemnify Plaintiffs.

48. In spite of Plaintiffs' timely notice and demand, Travelers has failed and refused to comply with its obligations.

49. By letter dated March 6, 2014, Travelers denied coverage to Plaintiffs for the Golan claim.

50. Travelers' denial letter says that the Policy does not apply because there is no allegation of covered damage and that an "advertising services" exclusion applies.

---

[1] This paragraph contains language paraphrased from the Court's opinion in *Standard Mutual Insurance Company v. Norma Lay et al.*, Il Ct. App 4th Dist, 4-11-0527 (January 24, 2014) (Alleged TCPA violations constituted covered "personal and advertising injury" and were not excluded by professional services exclusion in Policy).

51. Travelers is wrong.  The Golan Suit alleges covered Personal and Advertising Injury, as set forth above.  And nowhere does the Golan Complaint allege that Plaintiffs provided "advertising services" as that term is used in the exclusion that Travelers cites.

COUNT I:  BREACH OF CONTRACT (CHARTIS)

52. Plaintiffs incorporate by reference and re-allege the allegations of paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. The Chartis Policy is a valid and enforceable contract.

54. Chartis received all consideration due for performance of the contract.

55. Plaintiffs have satisfied all conditions precedent to performance of the contract by Chartis under the plain language of the Policy.

56. Chartis' refusal to defend and indemnify Plaintiff is a breach of contract.

57. The Chartis contract contains an implied covenant of good faith and fair dealing.  Chartis breached the implied covenant of good faith and fair dealing because, among other things, it failed and refused to provide a defense to Plaintiffs against the Golan Suit without reasonable cause or excuse.

58. Chartis' refusal to defend and indemnify Plaintiff shows bad faith and is also vexatious, entitling Plaintiffs to damages pursuant to Mo. Rev. Stat § 375.296.  There is no reasonable basis in fact or law that could have allowed Chartis to conclude that the Golan Suit alleges excluded "professional services."

59. Plaintiffs have been damaged by Chartis' breaches because Plaintiffs have had to incur and will continue suffer damages in the form of attorneys fees and

expenses to pay for some or all of the cost of defending the Golan suit, as well as the cost of this litigation.

WHEREFORE, as to Count I of this Complaint, Plaintiffs respectfully request that the Court enter money judgment in their favor and against Chartis including:

A. Actual damages of no less than $75,000, including an amount sufficient to reimburse Plaintiffs for defense costs incurred in defending the Golan Suit.

B. Consequential damages arising out of the breach including (without limitation) (i) any damages awarded in the Golan Suit regardless of the Chartis policy limit of liability and (ii) the cost of prosecuting this action.

C. Additional damages for and arising out of Chartis':

   i. Breach of the implied covenant of good and fair dealing;

   ii. Vexatious Refusal to Pay pursuant to Mo. Rev. Stat. § 375.296;

   iii. Bad faith, in a punitive amount sufficient to deter Chartis from such conduct in the future;

D. Interest on all damages, expenses, and litigation costs incurred by Plaintiffs, computed at the maximum rate allowed under applicable law;

E. Such other relief as the Court may deem just and proper.

**COUNT II:  DECLARATORY JUDGMENT (CHARTIS)**

60. Plaintiffs incorporate by reference and re-allege the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties.

62.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to coverage available to Plaintiffs under the Chartis Policy.

63.     A judicial determination and a declaration of rights and obligations of the parties are necessary and appropriate at this time because the Plaintiffs have no adequate remedy at law which will resolve the current controversy.

WHEREFORE, as to Count II of this Complaint, and pursuant to 28 U.S.C. § 2201, Plaintiffs respectfully request that the Court enter a judgment in their favor, as follows:

   A.   Declaring that the "professional services" exclusion in the Chartis policy does not apply to the Golan Suit because the Golan Suit does not allege that the Coverage Action Plaintiffs performed excluded "professional services."

   B.   Declaring that Chartis is obligated to defend and indemnify the Coverage Action Plaintiffs against the Golan Suit.

   C.   Declaring that Chartis is obligated to reimburse the Coverage Action Plaintiffs for their defense costs and expenses incurred to date and to indemnify them from and against all loss and damaging arising out the Golan Suit.

   D.   For such other relief that this Court deems just and proper.

## COUNT III:  BREACH OF CONTRACT (TRAVELERS)

64. Plaintiffs incorporate by reference and re-allege the allegations of paragraphs 1 through 63, inclusive, as though fully set forth herein.

65. The Travelers Policy is a valid and enforceable contract.

66. Travelers received all consideration due for performance of the contract.

67. Plaintiffs have satisfied all conditions precedent to performance of the contract by Travelers under the plain language of the Policy.

68. Travelers' refusal to defend and indemnify Plaintiff is a breach of contract.

69. Plaintiffs have been damaged by Travelers' breach because Plaintiffs have had to incur and will continue to incur damages in the form of attorneys fees and expenses to pay for some or all of the cost of defending the Golan suit, as well as the cost of this litigation.

WHEREFORE, as to Count III of this Complaint, Plaintiffs respectfully request that the Court enter money judgment in their favor, including:

A. Actual damages of no less than $75,000, including an amount sufficient to reimburse Plaintiffs for defense costs incurred in defending the Golan suit.

B. Consequential damages arising out of Travelers' breach, including any damages awarded in the Golan Suit regardless of the Travelers policy limit of liability, and the cost of prosecuting this action.

  C. Interest on all damages, expenses, and litigation costs incurred by Plaintiffs, computed at the maximum rate allowed under applicable law.

  D. For such other relief as the Court may deem just and proper.

### COUNT IV:  DECLARATORY JUDGMENT (TRAVELERS)

70. Plaintiffs incorporate by reference and re-allege the allegations of paragraphs 1 through 69, inclusive, as though fully set forth herein.

71. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties.

72. There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to coverage available to Plaintiffs under the Travelers Policy.

73. A judicial determination and a declaration of rights and obligations of the parties are necessary and appropriate at this time because the Plaintiffs have no adequate remedy at law which will resolve the current controversy.

WHEREFORE, as to Count IV of this Complaint, and pursuant to 28 U.S.C. § 2201, Plaintiffs respectfully request that the Court enter a judgment in their favor, as follows:

  A. Declaring that the Golan Complaint contains allegations that trigger a duty to defend Plaintiffs under the Travelers Policy.

  B. Declaring that Travelers is obligated to defend and indemnify the Plaintiffs against the Golan suit.

  C. Declaring that Travelers is obligated to reimburse Plaintiffs for their defense costs and expenses incurred to date.

D.     For such other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38(b), Plaintiffs request a trial by jury on the matters asserted in the above Complaint.

Respectfully submitted,

_____
Stephen D. Palley, Esq.
(ED MO Bar No. MO50138)
Palley Law PLLC
1750 K Street, NW
Washington, DC 20006
Telephone:    (202) 847‐3964
E‐mail:         sdp@palleylaw.com


*Attorney for Plaintiffs*


Dated:  March 23, 2014

14